# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

JAMES ALTON TURNER, JR.,

     Petitioner,

vs.

UNITED STATES OF AMERICA,

     Respondent.

No. C07-2041-MWB
(CR04-2012-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

## TABLE OF CONTENTS

*I.*  *INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.*  *Petitioner's Charges, Sentence and Appeal* . . . . . . . . . . . . . . . . . . . . . 2
    *B.*  *The Petitioner's § 2255 Motion*  . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II.*  *LEGAL ANALYSIS*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A.*  *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . . 4
    *B.*  *Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *C.*  *Waiver By Guilty Plea*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *D.*  *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . 13
        *1.*   *Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        *2.*   *Armed Career Criminal Finding*  . . . . . . . . . . . . . . . . . . . 15
        *3.*   *Sufficiency of the § 851 Notice*  . . . . . . . . . . . . . . . . . . . 17
    *D.*  *Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*III.*  *CONCLUSION*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

This case is before the court pursuant to petitioner James Alton Turner Jr.'s Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Turner claims that his trial and appellate counsel provided him with ineffective assistance in various ways. The respondent denies that Turner is entitled to any relief on his claims.

## I. INTRODUCTION AND BACKGROUND

### A. Petitioner's Charges, Sentence and Appeal

On March 18, 2004, an indictment (Crim. docket no. 1) was returned against petitioner Turner, charging him with possession with intent to distribute marijuana within 1,000 feet of a school after a prior felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 851, and 860, and to possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On May 5, 2004, Turner filed a Motion to Suppress in which he moved to suppress all evidence obtained during a search of his residence. Turner argued that the issuance of a search warrant for his residence infringed upon his constitutional rights because it was issued without probable cause. Turner's Motion to Suppress was referred to then Chief United States Magistrate Judge John A. Jarvey, pursuant to 28 U.S.C. § 636(b).[1] After conducting a hearing, Judge Jarvey filed a Report and Recommendation in which he recommended that Turner's Motion to Suppress be denied. Chief United States District Judge Linda R. Reade accepted Judge Jarvey's Report and Recommendation and denied Turner's Motion to Suppress. On June 14, 2004, Turner appeared before Judge Jarvey and entered a plea of

---

[1]Judge Jarvey was subsequently appointed as United States District Judge for the Southern District of Iowa.

guilty to Counts 1 and 2 of the indictment pursuant to a written plea agreement. Under his plea agreement, Turner preserved his right to appeal an adverse ruling by the court on his motion to suppress evidence. Chief Judge Reade accepted Turner's guilty plea on June 29, 2004 (Crim. docket no. 50). Turner's sentencing was originally scheduled for December 13, 2004, before Chief Judge Reade. During the sentencing hearing, Turner informed the court that he was dissatisfied with his counsel and that he wished to withdraw his guilty plea to the gun charge because he was coerced by his attorney into pleading guilty. In light of Turner's assertions, Chief Judge Reade continued the sentencing to permit Turner to obtain new counsel and file a motion to withdraw his guilty plea. New counsel was appointed to represent Turner. Turner, however, did not file a motion to withdraw his guilty plea and his sentencing was rescheduled. On January 25, 2005, the undersigned sentenced Turner to 210 months imprisonment on Count 1 and 210 months imprisonment on Count 2, the sentences to be served concurrently, and five years of supervised release. On January 28, 2005, Turner appealed his sentence. On appeal, Turner argued that the search warrant application lacked probable cause, that the court erred in sentencing him as an armed career criminal, and that he was entitled to resentencing because the court erroneously calculated his adjusted offense level for the drug conviction. On December 15, 2005, the Eighth Circuit Court of Appeals denied Turner's appeal. *See United States v. Turner*, 431 F.3d 332, 339 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 2345 (2006).

### B. The Petitioner's § 2255 Motion

On June 4, 2007, Turner filed his *pro se* Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Civ. docket no. 1). In Turner's § 2255 motion, he raises five claims. First, he contends that the prosecution violated his due process

rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose police reports that contained material which could have been used to impeach the police officers. Second, Turner contends that his initial counsel was ineffective for his handling of the suppression hearing. Third, he claims that his counsel was ineffective in failing to challenge the sufficiency of the Indictment's charging of the 21 U.S.C. § 860 offense. Fourth, Turner contends that his second appointed counsel was ineffective in failing to challenge the sufficiency of the prosecution's notice of enhanced penalties under 21 U.S.C. § 851. Fifth, he asserts that his appellate counsel was ineffective for failing to challenge Turner's designation as an armed career criminal.

After submitting a *pro se* brief in support of his motion, Turner filed a *pro se* Request for Counsel. The court granted Turner's request and counsel was appointed to represent Turner on September 19, 2009. On January 29, 2010, Turner, through counsel, filed a Supplemental Brief In Support of Motion To Vacate, Set Aside, or Correct Sentence. Respondent filed a Response on March 5, 2010. In its response to Turner's motion, respondent asserts that Turner waived his claims by pleading guilty. Respondent alternatively argues that none of Turner's claims are supported by the record.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Turner's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such

sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States,* 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S.

614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir.

2006) ("'We review de novo the district court's denial of a section 2255 motion.'")
(quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)).
However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436
F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Turner's claims for
§ 2255 relief.


### B. Evidentiary Hearing

"Unless the motion and the files and records of the case conclusively show that the
prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the
United States attorney, grant a prompt hearing thereon, determine the issues and make
findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also
Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not
err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's
'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations
cannot be accepted as true because they are contradicted by the record, inherently
incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United
States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set out below, the court
finds that the record conclusively shows that Turner is entitled to no relief and will,
therefore, not hold a hearing in this case. *See id.*


### C. Waiver By Guilty Plea

The respondent asserts that Turner waived his claims by pleading guilty. Clearly,
Turner's claims must be evaluated in light of the fact that he entered a guilty plea in the
underlying criminal case. The United States Supreme Court has declared: "a guilty plea

is a grave and solemn act to be accepted only with care and discernment." *Brady v. United States,* 397 U.S. 742, 748 (1970). It "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce,* 488 U.S. 563, 569 (1989). As a result,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see Broce,* 488 U.S. at 574; *Haring v. Prosise,* 462 U.S. 306, 319-20 (1983); *United States v. Staples*, 435 F.3d 860, 864 (8th Cir. 2006); *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000); *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994). The principle underlying this school of thought is that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett,* 411 U.S. at 267; *see Haring,* 462 U.S. at 321. Accordingly, when a petitioner challenges to the validity of a conviction based on a guilty pleas by collateral attack under § 2255, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *Broce,* 488 U.S. at 569; *see Blackledge v. Perry,* 417 U.S. 21, 29-30 (1974) ("[W]hen a criminal defendant enters a guilty plea, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Rather, a person complaining of such antecedent constitutional violations is limited . . . to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." (internal quotation marks and citations omitted)).

Here, Turner, by entering a plea of guilty, waived his right to collaterally attack his conviction based on any claims which allege constitutional deprivations that occurred prior to the entry of his guilty plea. *Tollett,* 411 U.S. at 267; *see Broce,* 488 U.S. at 574. Turner's claim that his counsel was ineffective in his handling of the suppression hearing relates to his counsel's conduct in investigating the case, which occurred prior to his plea of guilty. Thus, this claim is waived by Turner's guilty plea. *Tollett,* 411 U.S. at 267. Likewise his claim that his trial counsel was ineffective in failing to challenge the sufficiency of the Indictment's § 860 charge relates to his counsel's conduct in investigating the case, an act which again occurred prior to Turner's guilty plea. Accordingly, that claim is also waived by Turners' guilty plea. *Id.*

Turner's claim of ineffective assistance of counsel concerning the prosecution's notice of enhanced penalties under 21 U.S.C. § 851, however, arises from facts which occurred after Turner's guilty plea. Turner alleges that his second appointed counsel was ineffective in failing to object to the notice of enhancement at the time of sentencing. Therefore, because this claim arose post-guilty plea, it was not waived by Turner's guilty plea and will be considered by the court. Turner's claim that his second appointed counsel was ineffective for failing to challenge his designation as an armed career criminal is on a similar footing since it also arose after his guilty plea. Consequently, Turner did not waive this claim by pleading guilty. This leaves Turner's *Brady* claim.

Turner argues that the prosecution deprived him of impeaching material under *Brady,* 373 U.S. 83. Specifically, Turner asserts that he was deprived of access to several police reports which could have been used to impeach the veracity of the arresting police officers concerning their statements regarding Turner's arrest. In *Brady,* the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to

punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. To prove a *Brady* claim, Turner must establish: (1) that the "evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) "prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999); *see Giglio v. United States,* 405 U.S. 150, 154-55 (1972) (holding that impeaching evidence falls within the scope of materials that *Brady* requires the prosecution to disclose to a defendant); *see also Christenson v. Ault*, 598 F.3d 990, 996 (8th Cir. 2010); *United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008).

The United States Supreme Court, however, has characterized the *Brady* right as a trial right. *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (noting that "the right to receive from prosecutors exculpatory impeachment material-a right that the Constitution provides as part of its basic 'fair trial' guarantee"). In *Ruiz*, the Court considered "whether the Constitution requires that preguilty plea disclosure of impeachment information." *Id.* at 629. The Court concluded that it does not. *Id.* In reaching this conclusion, the Court recognized that due process considerations do not require the prosecution to disclose all information that might be of use to a defendant in deciding whether to plead guilty. *See id.* at 629-30. As the Court explained:

> Of course, the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be. But the Constitution does not require the prosecutor to share all useful information with the defendant. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977) ("There is no general constitutional right to discovery in a criminal case"). And the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely

apply *in general* in the circumstances-even though the defendant may not know the *specific detailed* consequences of invoking it. A defendant, for example, may waive his right to remain silent, his right to a jury trial, or his right to counsel even if the defendant does not know the specific questions the authorities intend to ask, who will likely serve on the jury, or the particular lawyer the State might otherwise provide. Cf. *Colorado v. Spring,* 479 U.S. 564, 573-575, 107 S. Ct. 851, 93 L. Ed. 2d 954 (1987) (Fifth Amendment privilege against self-incrimination waived when defendant received standard *Miranda* warnings regarding the nature of the right but not told the specific interrogation questions to be asked).

It is particularly difficult to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty given the random way in which such information may, or may not, help a particular defendant. The degree of help that impeachment information can provide will depend upon the defendant's own independent knowledge of the prosecution's potential case-a matter that the Constitution does not require prosecutors to disclose.

*Id.*

The Court further noted that it had upheld the acceptance of guilty pleas where the defendant lacked knowledge of many relevant circumstances:

this Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor. *See Brady v. United States,* 397 U.S., at 757, 90 S. Ct. 1463 (defendant "misapprehended the quality of the State's case"); *ibid.* (defendant misapprehended "the likely penalties"); *ibid.* (defendant failed to "anticipate" a change in the law regarding relevant "punishments"); *McMann v. Richardson,* 397 U.S.

759, 770, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (counsel "misjudged the admissibility" of a "confession"); *United States v. Broce,* 488 U.S. 563, 573, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) (counsel failed to point out a potential defense); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) (counsel failed to find a potential constitutional infirmity in grand jury proceedings). It is difficult to distinguish, in terms of importance, (1) a defendant's ignorance of grounds for impeachment of potential witnesses at a possible future trial from (2) the varying forms of ignorance at issue in these cases.

*Id.* at 630-31.

The Court also reasoned that "due process considerations" weighed against requiring disclosure of impeachment evidence because the "added value" to the defendant of requiring such a disclosure was relatively low compared to the substantial interference that such a requirement could cause to ongoing criminal investigations and the protection of prosecution witnesses. *Id.* at 631-32. The Court concluded that "[t]hese considerations, taken together, lead us to conclude that the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Id.* at 632. Accordingly, the court concludes that Turner's guilty plea precludes him from claiming that the prosecution's failure to disclose the police reports was a *Brady* violation.[2] Thus, Turner's § 2255 claim also fails.

_____

[2]Even if the court were to address Turner's *Brady* claim on the merits, it would fail. Turner's speculation that the prosecution has not fulfilled its obligations under *Brady* is not enough to establish that the prosecution has, in fact, failed to honor its discovery obligations. This is especially so when, as in this case, the prosecution has maintained an "open file" policy. *United States v. Driver,* 798 F.2d 248, 250 (7th Cir. 1986) ( "Driver's speculation that the government might not have disclosed all of the information in its possession about the co-conspirators falls far short of establishing that the prosecution

(continued...)

## D. Ineffective Assistance Of Counsel

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When

---

[2](...continued)
suppressed exculpatory evidence. . . . Indeed, in this case the government maintained an open file policy, under which it afforded Driver access to all of its files pertaining to his case."). Here, while Turner points to the fact that he obtained copies of the police reports after his conviction, he has made no showing suggesting that the police reports where not in fact contained in the prosecution's discovery file and available to his counsel. The court notes that Turner has not provided an affidavit from his former counsel averring to the fact that the police reports were unknown to the defense. *See United States v. Agurs,* 427 U.S. 97, 103 (1976) ("The rule of *Brady* . . . arguably applies in three quite different situations. Each involves the discovery, after trial, of information which had been known to the prosecution but unknown to the defense.").

claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established:  post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'"  *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'"  *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687).  That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).  There are two substantial impediments to making such a showing, however.  First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'"  *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).  Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Armed Career Criminal Finding*

Turner contends that his appellate counsel was ineffective for failing to challenge Turner's designation as an armed career criminal. Turner's appellate counsel, however, did challenge the court's finding that Turner qualified as an armed career criminal on direct appeal. The Eighth Circuit Court of Appeals rejected this claim, concluding:

We agree that the district court did not err by finding the

robberies to be separate offenses and by sentencing Turner as
an armed career criminal. There was never an order
consolidating the cases. Moreover, the convictions were
committed in different towns on different days, had different
victims, and involved distinct criminal episodes. *Hamell,* 3
F.3d at 1191. Since the two robbery convictions and the drug
conviction are qualifying offenses under the Act, 18 U.S.C. §
924(e) and U.S.S.G. § § 4B1.4, we need not discuss whether
the burglary conviction was a violent felony or whether Turner
waived his right to appeal this issue.

*Turner*, 431 F.3d at 338. Turner is essentially attempting to relitigate this issue in his §
2255 petition by arguing that his appellate counsel was ineffective for failing to argue this
issue appropriately. Specifically, Turner argues that his appellate counsel was ineffective
in failing to challenge the court's finding that he qualified as an armed career criminal in
light of *Shepard v. United States*, 544 U.S. 13 (2005).[3] Turner, however, may not
relitigate in his § 2255 motion an issue that was raised and decided on appeal. *See Bear
Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *United States v. Wiley*, 245
F.3d 750, 751 (8th Cir. 2001); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir.
1992); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987); *United States v.
Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). This claim, therefore, is denied.[4]

---

[3]In *Shepard*, the Supreme Court considered whether a court could use police reports
or complaint applications to establish whether a defendant's prior conviction for burglary
qualified as a "violent felony" under 18 U.S.C. § 924(e), the Armed Career Criminal Act.
The Court held that police reports could not be used, and that a judge's "enquiry . . . to
determine [the] necessarily admitted elements of the generic offense is limited to the terms
of the charging document, the terms of a plea agreement or transcript of colloquy between
judge and defendant in which the factual basis for the plea was confirmed by the defendant,
or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

[4]Even if the court were to consider this claim on the merits, it fails because Turner
(continued...)

### 3. Sufficiency of the § 851 Notice

Turner also contends that his second appointed counsel was ineffective for failing to object to the prosecution's notice of enhanced penalties under 21 U.S.C. § 851.

---

[4] (...continued)

cannot show that but for appellate counsel's failure to challenge the court's armed career criminal finding based on *Shepard*, the result of the appeal would have been any different. This is because this court did not consider police reports or complaint applications in determining whether Turner's state court convictions for robbery in the second degree while armed with a dangerous weapon qualified as violent felonies for the purposes of the Armed Career Criminal Act. Rather, the court considered the terms of Turner's plea agreement, in which Turner stipulated to the following:

> Defendant stipulates and agrees that he has the following convictions for crimes of violence and/or controlled substance offenses, as those terms are defined by U.S.S.G. §. §4B1.1: (1) on or about February 24, 1986, defendant was convicted in the Iowa District Court in and for Bremer County of the felony offense of Burglary in the Second Degree; (2) on or about October 5, 1987, defendant was convicted in the Iowa District Court in and for Black Hawk County, Case No. D7X008616, of the felony offense Robbery in the Second Degree While Armed With a Dangerous Weapon; (3) on or about October 5, 1987, defendant was convicted in the Iowa District Court in and for Black Hawk County, Case No. D7X008566, of the felony offense Robbery in the Second Degree While Armed With a Dangerous Weapon; and (4) on or about April 18, 1991, defendant was convicted in the Iowa District Court in and for Scott County of the felony offense Possession With Intent to Deliver Crack Cocaine.

Plea Agreement at ¶ 7(c), Respondent Ex. 4 (Civ. docket no. 9-5). A court's consideration of the terms of a plea agreement to determine whether a prior conviction qualified as a violent felony for the purposes of the Armed Career Criminal Act was specifically approved by the Court in *Shepard*. *Shepard*, 544 U.S. at 26.

Respondent counters that the Indictment itself provided Turner with the notice of its intent to rely on his prior conviction to enhance his sentence and, therefore, Turner cannot demonstrate that his counsel's conduct fell below the wide range of reasonable professional assistance in failing to object to the prosecution's § 851 notice of enhanced penalties. Alternatively, respondent argues that Turner's ineffective assistance of counsel claim also fails because he cannot show that but for counsel's failure to object to the prosecution's § 851 notice, the result of the proceedings would have been any different.

Section 851 states in relevant part that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851. The gist of Turner's claim relating to the § 851 enhancement is that he did not receive the required notice for a § 851 enhancement, because the prosecution never filed an "information" regarding its intent to rely on a prior felony conviction to enhance his mandatory minimum sentence. This court considered the requirements of § 851 in some detail in *United States v. Ingram*, 613 F. Supp. 2d 1069 (N.D. Iowa 2009), aff'd, 594 F.3d 972 (8th Cir. 2010), *petition for cert. filed*, (U.S. June 15, 2010) (09-11569). The court noted, *inter alia*, that, in *United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006), the Eighth Circuit Court of Appeals had held that, although the general procedure is for the prosecution to file a separate information pursuant to § 851, the statute only requires "notice" of intent to rely on a prior conviction, and that "notice" may come from the face of the indictment, if it lists the prior convictions on which the prosecution intends to rely and expressly cites § 851. *Ingram*, 613 F. Supp. 2d at 1088.

18

More specifically, in *Johnson*, the Eighth Circuit Court of Appeals explained,

> [T]he purpose of notice under § 851 is to comply with the constitutional requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Id.* at 1077. In applying this principle, we have placed the greatest weight on whether the defendant enjoyed "full knowledge of the consequences" of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial. *See id.*; *United States v. Timley*, 443 F.3d 615, 625-27 (8th Cir. 2006).

*Johnson*, 462 F.3d at 823. The court held that the purpose of § 851 notice was served, where "[t]he indictments filed against Johnson listed the prior convictions on which the government intended to rely, cited § 851, and cited the relevant sections providing for an enhanced sentence on the basis of prior convictions." *Id.*; *see United States v. Roundtree*, 534 F.3d 876, 881 (8th Cir. 2008) (holding that defendant received sufficient § 851 notice of prosecution's intent to seek enhanced penalty where "the indictment listed the offense, the date of conviction, the court, and that the prior conviction was a prior drug felony.")

Here, the Indictment expressly gave notice of the prosecution's intent to rely on Turner's 1991 felony drug conviction, cited § 851, and cited the relevant sections providing for an enhanced sentence based on prior convictions. *See Roundtree*, 534 F.3d at 881; *Johnson*, 462 F.3d at 823. Thus, the Indictment alone provided the necessary notice. *Roundtree*, 534 F.3d at 881; *Johnson*, 462 F.3d at 823. As a result, Turner cannot demonstrate that his counsel's conduct fell below the wide range of reasonable professional assistance in failing to object to prosecution's § 851 notice of enhanced penalties, or that but for counsel's failure to object to the prosecution's § 851 notice, the

result of the proceedings would have been any different. *See Strickland*, 466 U.S. at 687, 693. Accordingly, Turner is not entitled to relief on this claim.

### D. Certificate Of Appealability

Denial of Turner's § 2255 motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Turner has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Turner's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Turner does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).


### III. CONCLUSION

THEREFORE, for the reasons discussed above, petitioner Turner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (docket no. 1) is **denied in its entirety**. This case is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 15th day of July, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA